**JANETH ZAPATA**,

    Plaintiff,

vs.

**FOUR BLR DOORS, CORP.**, and
**ISRAEL LA RED**, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff Janeth Zapata ("Zapata"), by and through undersigned counsel, hereby files this Complaint and sues Four BLR Doors, Corp. ("Four BLR" or the "Company") and Israel Le Red ("La Red") (collectively "Defendants"), and alleges as follows:

### Introduction

1. This is an action by Zapata under to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") for unpaid overtime wages and for damages pursuant to the FLSA's anti-retaliation provisions.

2. Plaintiff seeks damages within this court's jurisdictional requirements, reasonable attorneys' fees and costs, and all other remedies allowable by law.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

**Parties, Jurisdiction and Venue**

3. Zapata has, at all relevant times, resided in Miami-Dade County, Florida.

4. Four BLR Doors, Corp. is a Florida corporation with its principal place of business in Miami-Dade County, Florida.

5. La Red is over the age of eighteen and is otherwise *sui juris*.

6. At all times material, La Red was and is an owner and operator of the Corporate Defendant.

7. Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiff in this District, and the claims arose within this District.

**A. Defendants' Business And Interstate Commerce**

8. Defendant operates an "installation company that specializes in high impact, resistant windows and doors in South Florida."[1]

9. Upon information and belief, Four BLR's annual volume of sales or business exceeded $500,000 annually for every relevant year.

10. At all relevant times, Defendants employed two or more employees, including Plaintiff, that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of

---

[1] https://www.fbdoors.com/about-us/

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

11. Upon information and belief, Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

12. Defendants, upon information and belief, accept credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida.

13. Defendants are employers engaged in interstate commerce and subject to the FLSA.

**B. Plaintiff's Employment And Defendants' Operational Control.**

14. Zapata began working for Defendants in and around April 2018.

15. Zapata was hired by La Red.

16. Zapata was supervised by La Red.

17. La Red controlled Four BLR's purse strings during the relevant period.

18. La Red was responsible for ensuring that Plaintiff was properly compensated.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

**C. Defendants' Failure To Pay Plaintiff In Accordance With The FLSA**

19.  Zapata worked in Four BLR's human resources department.

20.  During Zapata's employment, she routinely worked beyond forty hours per week. On average, Zapata worked forty-five to fifty hours per week, two to three weeks out of a typical month.

21.  Defendants failed to maintain accurate records as to Zapata's work hours.

22.  During Zapata's employment, the Company improperly docked Zapata's compensation for partial and/or full days of work despite Zapata being ready, able, and willing to work.

23.  Any potential exemption Defendants may seek to utilize as a defense to Zapata's wage and hour claims was nullified by the illegal docking practice.

24.  As such, Zapata now seeks payment for all overtime hours worked, liquidated damages, and attorneys' fees and costs.

**D. Calculation of Zapata's Claims for Unpaid Wages**

25.  Plaintiff Zapata seeks $7,797.30 in unliquidated halftime overtime wages (a total of $15,594.00 liquidated).

26.  Zapata performed work for Defendants as a non-exempt employee (given the illegal docking practice) from in or around April 2018 through October 15, 2019—approximately 79 weeks.

27.  A preliminary calculation of Garcia's unpaid wages are as follows:

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

| Weeks At Issue | Overtime Hours Per Week | Rate of Pay (Halftime Overtime Rate) | Unpaid Wages (unliquidated) |
|---|---|---|---|
| **79 weeks** (April 2018 through October 15, 2019) | **7.5 overtime hours (avg.)** | **$13.16** ($65,000.00/52 weeks = $1,250.00; $1,250.00/47.5 = $26.32; $26.32/2 = $13.16) | **$7,797.30** (7.5 OT hours x $13.16 x 79 weeks) |

### E. Defendants' Unlawful Retaliation of Zapata Under The FLSA

28. Zapata objected to Defendants' improper wage deductions/docking.

29. Zapata complained about these wage issues to La Red and his wife, Carolina.

30. Shortly after Zapata's complaints, she noticed that Four BLR had posted an opening for her exact position online.

31. Further, Defendants failed to remedy the wage deductions issue.

32. Understanding that Defendants would be terminating her employment and continuing to endure the financial consequences of Defendants' unlawful actions, Zapata was forcibly separated (constructively discharged) from her employment with the Company.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

# COUNT I
# OVERTIME VIOLATIONS BY FOUR BLR
# UNDER THE FAIR LABOR STANDARDS ACT

33. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 27 above as if fully set forth herein.

34. Upon information and belief, Four BLR's annual volume of sales or business exceeded $500,000 during each calendar year of the relevant period.

35. As part of its business, Four BLR purchased goods and materials that traveled through interstate commerce during the relevant period.

36. During the relevant period, Four BLR obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

37. During the relevant period, Four BLR, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed outside the state of Florida.

38. During the relevant period, Four BLR was an employer engaged in interstate commerce and subject to the FLSA.

39. During their employment with Four BLR, Plaintiff worked overtime hours.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

40. Four BLR, however, failed to compensate Zapata for overtime hours despite enforcing wage deductions that resulted in the loss of any purported exemption.

41. Plaintiff are owed overtime back pay.

42. In addition, Four BLR is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Four BLR under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff her attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT II
## OVERTIME VIOLATIONS AGAINST LA RED
## UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFF

43. Plaintiff re-alleges and incorporates by reference the allegations in 1 through 27 above as if fully set forth herein.

44. During the relevant period, La Red was an owner, corporate officer, and operator of Four BLR.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

45. During the relevant period, La Red operated the day-to-day activities of Four BLR, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff.

46. La Red was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

47. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

48. La Red is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully request that the Court:

a. Enter judgment against La Red under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff her attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

**COUNT III**
**RETALIATION BY FOUR BLR**
**UNDER THE FAIR LABOR STANDARDS ACT AS TO ZAPATA**

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

49. Zapata re-alleges and incorporates by reference the allegations in paragraphs 1-18, 28-32 above as if fully set forth herein.

50. Zapata engaged in protected activity under the FLSA when she complained about unpaid overtime wages to La Red.

51. Four BLR retaliated against Zapata because of her protected activity by failing to remedy the unpaid wages and posting Zapata's position online for hiring shortly after Zapata made her complaint.

52. Zapata, due to the Company's failure to remedy the unpaid wage issue and threat to Zapata's position, Zapata was constructively discharged.

53. Four BLR's retaliatory conduct is intended to chill Zapata's willingness to continue to enforce her rights under the FLSA.

54. Reasonable workers would naturally be dissuaded from continuing to support an FLSA claim when faced with the retaliatory conduct Defendant has engaged in.

55. Zapata has suffered mental and emotional distress because of Four BLR's retaliatory conduct.

**WHEREFORE,** Zapata respectfully requests that the Court:

a. Enter judgment for Zapata against Four BLR under the FLSA;

b. Award Zapata actual damages for the unpaid wages;

c. Award Zapata liquidated damages;

d. Award Zapata compensatory damages for mental and emotional distress;

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

e. Award Zapata her attorneys' fees and costs;

f. Award Zapata all recoverable interest; and

g. Award any other relief this Honorable Court deems just and proper.

## COUNT IV
## RETALIATION BY LA RED
## UNDER THE FAIR LABOR STANDARDS ACT AS TO ZAPATA

56. Zapata re-alleges and incorporates by reference the allegations in paragraphs 1-18, 28-32 above as if fully set forth herein.

57. Zapata engaged in protected activity under the FLSA when she complained about unpaid overtime wages to La Red.

58. La Red retaliated against Zapata because of her protected activity by failing to remedy the unpaid wages and by posting Zapata's position online for hiring shortly after Zapata made her complaint.

59. Zapata, due to the failure to remedy the unpaid wage issue and threat to Zapata's position, Zapata was constructively discharged.

60. La Red's retaliatory conduct is intended to chill Zapata's willingness to continue to enforce her rights under the FLSA.

61. Reasonable workers would naturally be dissuaded from continuing to support an FLSA claim when faced with the retaliatory conduct La Red has engaged in.

62. Zapata has suffered mental and emotional distress because of La Red's retaliatory conduct.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

**WHEREFORE,** Zapata respectfully requests that the Court:

a. Enter judgment for Zapata against La Red under the FLSA;

b. Award Zapata actual damages for the unpaid wages;

c. Award Zapata liquidated damages;

d. Award Zapata compensatory damages for mental and emotional distress;

e. Award Zapata her attorneys' fees and costs;

f. Award Zapata all recoverable interest; and

g. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby request a trial by jury with respect to all claims so triable.

Dated: April 9, 2020

Respectfully submitted,

By: __/s/ Brody M. Shulman_____
J. Freddy Perera, Esq.
Florida Bar No. 93625
E-mail: freddy@pba-law.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
E-mail: valerie@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 092044
E-mail: brody@pba-law.com

**PERERA BARNHART ALEMAN**
12401 Orange Drive Suite 123
Davie, FL 33330
Telephone: (786) 485-5232
*Counsel for Plaintiff*

11 | Page

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com