UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-21512-DPG

JANETH ZAPATA,

    Plaintiff,

v.

FOUR BLR DOORS, CORP.,
and ISRAEL LA RED,

    Defendants.
_____/

**DEFENDANTS' PARTIAL MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, FOUR BLR DOORS, CORP. and ISRAEL LA RED (collectively, "Defendants"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby respectfully moves for the entry of an Order dismissing Counts III and IV of the First Amended Complaint ("Amended Complaint") filed by Plaintiff Janeth Zapata ("Plaintiff") and, as grounds thereof, state as follows:

**I.    PLAINTIFF'S CLAIMS AND FACTUAL ALLEGATIONS**

Plaintiff, who worked as a as a Controller/Financial Officer, for Defendant Four BLR Doors filed an Amended Complaint against Four BLR Doors, alleging unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). *See* D.E. 14, "Compl." at **Count I**. Plaintiff has not only sued Four BLR Doors, but has also named as an individual defendant, Israel La Red, who has an ownership interest in Four BLR Doors. *See* Compl. at **Count II**. Plaintiff has also asserted FLSA retaliation claims against Four BLR Doors and Mr. La Red. [Compl. at **Count III & IV**].

CASE NO.: 1:20-cv-21512-DPG

While the merits of Plaintiff's claims for unpaid overtime wages will be addressed at the appropriate juncture, Plaintiff's FLSA retaliation claims deserve a proper judicial internment. Plaintiff's allegations in support of her retaliation claims are based on Plaintiff's allegation that she resigned ("constructively discharged") because she allegedly saw a posting "for her exact position online" sometime after she allegedly complained of "improper wage deductions." The allegations are stated below:

> Prior to Zapata's constructive discharge, she objected to Defendants' improper wage deductions/docking. Zapata complained about the improper wage deductions/docking to La Red and his wife, Carolina.
>
> Shortly after Zapata's complaints, she noticed that Four BLR *posted an opening for her exact position online.*
>
> Understanding that Defendants would be terminating her employment and continuing to endure the financial consequences of Defendants' unlawful actions, Zapata was forcibly separated (constructively discharged) from her employment with the Company.

D.E. 14, Compl. at ¶¶ 28-32.

Further, Plaintiff also alleges, in support of her retaliation claims, that she was "retaliatory discharge[d]" in or around **April of 2020**[1] from her employment with American Impact Windows and Doors ("American Impact") as a result of Mr. La Red advising American Impact that Plaintiff filed this lawsuit against Defendants. D.E. 14, Compl. at ¶¶ 33-36. Specifically, Plaintiff alleges that "La Red informed American Impact of the present lawsuit in order to cause Zapata's involuntary separation from American Impact," and that "La Red's unlawful actions did, in fact, cause the Retaliatory Discharge." D.E. 14, Compl. at ¶¶ 37-38.

---

[1] Plaintiff alleges she was terminated from Four BLR Doors on October 15, 2019. D.E. 14, Compl. at ¶ 26.

Despite the foregoing, Plaintiff's allegations, even if true, are insufficient to state a cause of action for retaliation under the FLSA. Accordingly, **Counts III** and **IV** of Plaintiff's Amended Complaint for retaliation under the FLSA must be dismissed.

## II.   MOTION TO DISMISS STANDARD

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In essence, "the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief." *Safeco Ins. Co. of Am. v. Victoria Mgmt., LLC*, No. 12-20489-CIV-MORE, 2012 U.S. Dist. LEXIS 64274, at *4 (S.D. Fla. May 7, 2012).

## III.   ARGUMENT

**A.   BECAUSE PLAINTIFF'S CLAIMS FOR RETALIATION AGAINST DEFENDANTS (COUNTS III AND IV) *FAIL* TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, THE COURT MUST DISMISS COUNTS III AND IV.**

As stated by the Eleventh Circuit Court of Appeals, in *Wolf v. Coca-Cola Co.*:

> The FLSA protects persons against retaliation for asserting their rights under the statute. A prima facie case of FLSA retaliation requires a demonstration by the plaintiff of the following: **'(1) she engaged in activity protected under [the] act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action.'** If the employer asserts a legitimate reason for the adverse action, the plaintiff may attempt to show pretext. *See id.* **In demonstrating causation, the plaintiff must prove that the adverse action would not have been taken 'but for' the assertion of FLSA rights.**

200 F.3d 1337, 1342-43 (11th Cir. 2000) (emphasis added) (international citations and quotations omitted).

1. **Constructive Discharge**

Additionally, "'**[c]onstructive discharge occurs when an employer deliberately makes an employee's working conditions intolerable and thereby forces him to quit his job**.'" *Poole v. City of Plantation*, No. 05-61698-CIV, 2010 U.S. Dist. LEXIS 109306, at *24 (S.D. Fla. Oct. 14, 2010) (Marra, J.) (quoting another source) (emphasis added). "A plaintiff must show 'working conditions that are "*so intolerable that a reasonable person in [the employee's] position would have been compelled to resign*." *Id.* (emphasis added) (quoting another source). "'Part of an employee's obligation to be reasonable is an obligation not to assume the worse, and not to jump to conclusions too fast.'" *Id.* (quoting another source). "The threshold for demonstrating a constructing discharge is 'quite high.'" *Id.* (quoting another source). "'A constructive discharge will generally not be found if the employer is not given sufficient time to remedy the situation.'" *Id.* (quoting another source).

Here, Plaintiff brings two (2) claims for retaliation under the FLSA (Counts III and IV). Plaintiff's retaliation claims are premised on Defendants allegedly posting Plaintiff's job position online for hiring shortly after Plaintiff made complaints regarding unpaid overtime wages. *See* Compl. ¶¶ 28-32, 57, 65. Taking Plaintiff's allegations as true, Defendants' actions of posting Plaintiff's job position online for hiring does **not** rise to that high level of constructive discharge required for a finding of a constructive discharge retaliation claim. *See, e.g.*, *Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1015 (11th Cir.1994) (holding that constructive discharge was supported by evidence of the plaintiff being placed on probation, receiving unjustified work evaluations, and being repeatedly screamed at so that supervisor's "spit was flying in [plaintiff's]

face"); *Rowell v. BellSouth Corp.*, 433 F.3d 794, 806 (11th Cir.2005) ("The fact that one of the possible outcomes is that he would lose his job alone *is not sufficient* to establish the intolerable conditions sufficient to justify a finding of constructive discharge . . . .") (emphasis added).

Accordingly, Defendants' actions, as alleged by Plaintiff, fall short of an adverse action. As a result, Plaintiff **fails** to allege (1) that Plaintiff suffered an adverse action by Defendants and naturally, cannot establish (2) that a causal connection existed between Defendants' activity and the adverse action. Accordingly, the Court should dismiss Plaintiff's retaliation claims for failure to state a claim.

### 2. Post-Employment Retaliation (Retaliatory Discharge)

Section 15(a)(3) of the FLSA proscribes an employer's retaliating against *an employee* for asserting rights under the FLSA. 29 U.S.C. § 215(a)(3). Specifically, Section 15(a)(3) of the FLSA provides as follows:

> **(a)** After the expiration of one hundred and twenty days from the date of enactment of this Act [enacted June 25, 1938], it shall be unlawful for any person—
> . . .
>> **(3)** to discharge or in any other manner discriminate *against any employee* because *such employee* has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act . . . , or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3) (emphasis added).

On its face, there is **nothing** in the text of Section 15(a)(3) of the FLSA that suggests that Congress intended Section 15(a)(3) to apply to *former* employees, like Plaintiff. In support of Plaintiff's retaliation claims, Plaintiff alleges that she was "retaliatory discharge[d]" in or around **April of 2020** from her employment with American Impact as a result of Mr. La Red advising American Impact that Plaintiff filed this lawsuit against Defendants. D.E. 14, Compl. at ¶¶ 33-36. Precisely, Plaintiff alleges that "La Red informed American Impact of the present lawsuit in order

to cause [her] involuntary separation from American Impact," and that "La Red's unlawful actions did, in fact, cause the Retaliatory Discharge." D.E. 14, Compl. at ¶¶ 37-38, 59, 67. The foregoing allegations all point to post-employment matters and with other employers, which are **not** covered by Section 15(a)(3) of the FLSA. 29 U.S.C. § 215(a)(3). Plaintiff has not engaged in protected activity under the FLSA's retaliation provisions -- and her claim must therefore be dismissed.

Accordingly, Defendants' actions, as alleged by Plaintiff, are not covered by Section 15(a)(3) of the FLSA as it pertains to Plaintiff's "retaliatory discharge" allegations. Accordingly, the Court should dismiss Plaintiff's retaliation claims for failure to state a claim.

## IV.     CONCLUSION

Based on the aforementioned, Defendants respectfully request the entry of an Order: dismissing, with prejudice, Counts III and IV of Plaintiff's Amended Complaint with prejudice.

Dated this **7th** day of **July 2020**.          Respectfully submitted,

/s/ Hugo L. Garcia
HUGO L. GARCIA, ESQ.
Florida Bar No. 1002333
**FLORIDA GENERAL COUNSEL, P.A.**
3401 NW 82 Ave,
Suite 360
Doral, FL 33122
Phone: (305) 704-2500
E-mail: HGarcia@generalcounselfl.com

***Attorneys for Defendants***