UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-cv-21512-GAYLES

JANETH ZAPATA,

        Plaintiff,

v.

FOUR BLR DOORS, CORP. and
ISRAEL LA RED,

        Defendants.
                                /

## ORDER

**THIS CAUSE** comes before the Court on Defendants' Partial Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion") [ECF No. 18]. The Court has reviewed the Motion and the record and is otherwise fully advised. As set forth below, the Motion shall be denied.

## BACKGROUND[1]

Defendant Four BLR Doors, Corp. ("BLR") employed Plaintiff from April 2018 to October 15, 2019. [ECF No. 14 ¶ 26]. Defendant Israel La Red ("La Red"), an owner of BLR, hired and supervised Plaintiff. *Id.* ¶¶ 15-16. During her employment, Plaintiff worked more than forty hours per week without receiving overtime compensation as required by the Fair Labor Standards Act ("FLSA"). In particular, Plaintiff worked overtime, on average, two to three weeks in a typical month. *Id.* ¶ 20. BLR and La Red (collectively the "Defendants") failed to keep accurate records

---

[1] As the Court is proceeding on a motion to dismiss, it accepts Plaintiff's allegations in the Amended Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true).

of her hours and improperly docked Plaintiff's compensation for partial or full days of work even though she was available to work. *Id.* ¶¶ 21-22.

During her employment with BLR, Plaintiff objected to La Red and his wife about Defendants docking her compensation. *Id.* ¶¶ 28, 29, 56, 64. Shortly thereafter, BLR posted a job opening announcement for a position that was exactly the same as Plaintiff's position (the "Post"). *Id.* ¶ 30. Plaintiff saw the Post and concluded that BLR would be terminating or altering her employment. *Id.* As a result, she was "forcibly separated (constructive discharge)" from BLR.[2] *Id.* ¶ 32. Plaintiff then began working for American Impact Windows and Doors ("American Impact"). *Id.* ¶ 33.

On April 9, 2020, Plaintiff filed this action alleging claims against Defendants for failure to pay her overtime compensation in violation of the FLSA and for retaliation in violation of the FLSA. [ECF No. 1]. Plaintiff's retaliation claims were based on her alleged constructive discharge from BLR. La Red then advised American Impact of this action. [ECF No. 14 ¶ 36]. In April 2020, American Impact terminated Plaintiff (the "Retaliatory Discharge"). *Id.* ¶ 35.

On June 23, 2020, Plaintiff filed an Amended Complaint which amended her retaliation claims by asserting that Defendants caused her termination from American Impact in retaliation for filing this lawsuit. *Id.* ¶¶ 59, 67. The Amended Complaint includes the following claims: (1) Overtime Violations by BLR under the FLSA (Count I); (2) Overtime Violations by La Red under the FLSA (Count II); (3) Retaliation by BLR under the FLSA (Count III); and (4) Retaliation by

---

[2] Plaintiff does not explain what "forcibly separated" means. A constructive discharge occurs when an employee is "compelled to resign" due to unbearable working conditions. *Bryant v. Jones*, 575 F.3d 1281, 1298 (11th Cir. 2009). Plaintiff's allegation that she was "forcibly separated" appears to be at odds with the meaning of constructive discharge.

La Red under the FLSA (Count IV). On July 7, 2020, Defendants moved to dismiss Counts III and IV.[3]

## DISCUSSION

### I. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556).

### II. FLSA Retaliation

To state a claim for retaliation under the FLSA, Plaintiff must allege that "(1) she engaged in activity protected under [the] act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000). In her Amended Complaint, Plaintiff

---

[3] In the Motion, Defendants argue that (1) Plaintiff failed to adequately allege constructive discharge and (2) Plaintiff has no standing to sue for post-employment retaliation. However, as the basis for Counts III and IV is the post-separation retaliation, the Court only addresses the sufficiency of those allegations. The Court notes that Plaintiff's allegations regarding her "forcibl[e] separation" are too speculative to constitute constructive discharge. *See Rowell v. BellSouth Corp.*, 433 F.3d 794, 806 (11th Cir. 2005). In addition, in their reply, Defendants argue that the Amended Complaint [ECF No. 14] and Plaintiff's response to the Motion to Dismiss [ECF No. 20] contain inconsistent allegations regarding the timing of American Impact's termination of Plaintiff. As the Court is proceeding on a 12(b)(6) motion to dismiss, its review is "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (internal quotations omitted). Accordingly, at this juncture, the Court cannot consider the factual inconsistencies raised by Defendants.

asserts she engaged in protected conduct by protesting Defendants' docking her wages and by filing this action. Moreover, Plaintiff alleges that Defendants' informing American Impact about this litigation caused her termination from American Impact. Accordingly, the Court finds that Plaintiff has adequately alleged her claims for retaliation.

Defendants, however, argue that Plaintiff lacks standing to bring a suit for post-employment retaliation. In particular, Defendants contend that the FLSA anti-retaliation provision, 29 U.S.C. § 215(a)(3), does not apply to "former employees" like the Plaintiff. The Court disagrees. "The Eleventh Circuit has held that the FLSA protects both current and former employees from retaliation." *Holland v. MHI Hotel Services, LLC*, No. 15-80110, 2015 WL 12780633, at \*1 (S.D. Fla. Apr. 13, 2015); *see also Suchite v. Kleppin*, 819 F. Supp. 2d 1284, 1291-92 (S.D. Fla. May 5, 2011) ("The FLSA also protects former employees from retaliation by their former employers.") (citing *Smith v. BellSouth Telecommunications*, Inc., 273 F.3d 1303, 1309 (11th Cir. 2001). Therefore, Plaintiff has standing to sue Defendants for post-employment retaliatory conduct as a former employee under the FLSA, and Defendants' Motion shall be denied.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendants' Partial Motion to Dismiss Counts III and IV [ECF No. 18] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of December, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE